**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH LONG and KELLY LONG,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS SERVICING, LP and RECONTRUST COMPANY, N.A.,<br><br>Defendants. | 2:10-CV-915 JCM (PAL) |

**ORDER**

Presently before the court is defendants Bank of America Home Loans Servicing, L.P. (hereinafter "BAC HLS"), and ReconTrust Company, N.A.'s motion to dismiss (Doc. #8). Plaintiffs filed a response (Doc. #12). Defendants filed a reply to the response (Doc. #16).

This case stems from a mortgage obtained in February, 2006. Plaintiffs failed to make loan payments after December 1, 2009. Defendants filed a notice of default and election to sell on March 31, 2010. Plaintiffs were then offered a conditional modification on their mortgage if they could meet their payment deadlines during a trial period. Plaintiffs filed this law suit 19 days into the trial period, and have only made one of the three necessary payments to modify the loan.

This case was originally filed in state court. Defendants properly removed the case to federal court. Plaintiffs allege four causes of action against defendants: (1) violation of 15 U.S.C. § 1692, the Federal Debt Collections Practices Act (hereinafter "FDCPA), (2) breach of contract, (3) violation of 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act (hereinafter "RESPA"),

**James C. Mahan**
**U.S. District Judge**

and (4) a request for an injunction.

### A.  Plaintiffs' NRS § 649.370 Claim Fails as a Matter of Law

Plaintiffs' first count alleges that defendant BAC HLS continued to contact plaintiffs after BAC HLS was notified that plaintiffs were represented by counsel. Plaintiffs allege that this violates the FDCPA, specifically 15 U.S.C. § 1692(c). The FDCPA only applies to "debt collectors." 15 U.S.C. §§ 1692(a)(6), 1692( c). The Fifth Circuit holds that a debt collector "does not include . . . a mortgage servicing company." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5 th Cir. 1985).[1]

Defendant BAC HLS is a mortgage servicing company. Therefore, it is not a debt collector under the FDCPA and not subject to penalties therein. Additionally, plaintiffs concede that "a mortgage servicing company, such as defendant Bank of America Home Loan Servicing, LLP is not a collection agency under the definitions of the federal Fair Debt Collection Practices Act." (Doc. #12). Accordingly, plaintiffs' N.R.S. § 649.370 claim fails as a matter of law.

### B.  Plaintiffs' Breach of Contract Claim Fails as a Matter of Law

Plaintiffs allege that BAC HLS violated its duty of good faith and fair dealing by violating part of the FDCPA, 15 U.S.C. § 1692(c)(a). However, as shown above, there was no violation of the FDCPA. Therefore, plaintiffs' violation of good faith and fair dealing claim premised on an FDCPA violation fails as a matter of law.

### C.  Claim for Failure to Respond to a Loan Verification Must be Dismissed

Plaintiffs claim that BAC HLS violated 12 U.S.C. § 2605, the Real Estate Settlement Procedures (hereinafter "RESPA"). Specifically, plaintiffs allege that defendants violated the requirement that a loan servicer must respond to a qualified written request from the borrower. 12 U.S.C. § 2605(1)(A). Plaintiffs' claim fails because plaintiffs have not alleged any actual damages anywhere in their complaint. Furthermore, statutory damages are available to a plaintiff only where there is a "pattern or practice of noncompliance." Plaintiffs have not alleged such a pattern or

---

[1] Although the Ninth Circuit has not yet addressed the issue, other district courts in the Ninth Circuit have adopted the Fifth Circuit's interpretation of 15 U.S.C. § 1692. *See Kristick v. First Loan Servs, Inc.*, 2009 WL 3682587, 3 (D. Ariz 2009).

practice here. Accordingly, plaintiff's RESPA claim must be dismissed.

### D.   **Plaintiff's Request for an Injunction Must be Dismissed**

In the complaint, plaintiffs seek an injunction against BAC HLS and ReconTrust. In order to obtain an injunction, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resources Defense council, Inc.*, 129 S.Ct. 365, 374 (2008).

Plaintiffs make no argument about their likelihood of success on the merits. They do not explain what irreparable harm they will suffer. Plaintiffs' sole argument is that there are a number of programs designed to avoid foreclosure, and the court should not let the defendants foreclose without pursuing those first. Plaintiffs' separate claim for an injunction must be dismissed for failure to state a claim for which relief can be granted.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (Doc. #8) be, and the same hereby is, GRANTED.

DATED August 6, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -